**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 3, 2013

Lyle W. Cayce
Clerk

No. 12-31163
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERNESTO RAMON ALI VALLES, also known as Ernesto Ali Valles,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CR-90-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Ernesto Ramon Ali Valles pleaded guilty to conspiring to import heroin and to possess heroin not listed in the manifest on a vessel arriving in the United States; importation of heroin; and possession of heroin with intent to distribute. The district court sentenced him to 87 months in prison, at the bottom of the guidelines range. Valles appeals, contending that the district court erred by refusing to reduce his offense level for being a minor participant pursuant to U.S.S.G. § 3B1.2(b). Finding no error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Whether Valles was entitled to a minor role adjustment is a factual finding reviewed for clear error. *See United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005). A minor participant is one who is "less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5). "It is not enough that a defendant does less than other participants; in order to qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity." *Villanueva*, 408 F.3d at 204 (internal quotation marks and citation omitted).

Valles argues that he was only a courier of the drugs, that he had no role in organizing the operation, and that he did not negotiate payment. Further, he contends, he had less contact with the drug dealers than his codefendant, Aura Martinez, who received a minor role adjustment. He notes that a person named "Jose" supplied Martinez with a cell phone; that Martinez would be responsible for delivering the drugs to "Jose" in the event that an unidentified male who was to take delivery of the heroin did not show up at the designated meeting place; and that Martinez was "evidently living" with "Jose."

Although one's role as a drug courier does not preclude a minor role adjustment, a mere courier is "not necessarily a minor participant in the illicit activity." *United States v. Thomas*, 690 F.3d 358, 376 (5th Cir. 2012) (internal quotation marks and citation omitted), *cert. denied*, 131 S. Ct. 1281 (2013). As the district court noted, Valles transported more than three kilograms of heroin, a significant amount, in his shorts from the vessel to a meeting with Martinez. In addition, before the vessel arrived, Valles was in regular contact with both Martinez and a person named "Julio" regarding setting up the meeting between Martinez and Valles; Valles was to receive $8,000 of the $9,000 that "Jose" provided to Martinez; and Valles was to accompany Martinez to deliver the drugs to the unidentified male. Given the totality of the circumstances, it was not clear error to conclude that Valles's role was not "peripheral to the

advancement of the illicit activity." *Villanueva*, 408 F.3d at 204 (internal quotation marks and citation omitted).

AFFIRMED.